NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN FRANCISCO MARTINEZ,

        Plaintiff-Appellant,

  v.

LOS ANGELES POLICE DEPARTMENT,

        Defendant-Appellee.

No. 22-15509

D.C. No. 2:18-cv-00964-TLN-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted March 10, 2023
Submission Vacated September 1, 2023
Resubmitted July 25, 2024[**]
Pasadena, California

Before: COLLINS, LEE, and BRESS, Circuit Judges.

Juan Martinez ("Martinez") was arrested by an officer of the Stockton Police

Department ("SPD") on the basis of a warrant abstract transmitted from the Los

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] This case was originally argued and submitted to a panel consisting of Judges Kleinfeld, Watford, and Collins. After Judge Watford resigned from the court and Judge Kleinfeld became unavailable, Judges Lee and Bress were drawn to replace them pursuant to General Order 3.2(h), and the submission to the prior panel was vacated. Judges Lee and Bress have reviewed the briefs, record, and video recording of the prior oral argument. The reconstituted panel has unanimously concluded that this case is suitable for decision without further oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Angeles Police Department ("LAPD"). The warrant abstract described a *different* Juan Martinez who happened to share Martinez's name and birthdate. Martinez sued LAPD and several others under 42 U.S.C. § 1983 for his mistaken arrest. As to LAPD, Martinez claimed that it had "failed to train its personnel" to verify identifying information in an arrest warrant "with the arresting agency." Martinez claims that, had LAPD personnel discussed with SPD the identifiers in the warrant abstract, SPD would have realized that Martinez's fingerprints and other identifiers did not match those of the Juan Martinez described in the warrant. The district court granted LAPD's motion for summary judgment, and Martinez timely appealed from the final judgment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), we affirm.

1. "Plaintiffs who seek to impose liability" on local governmental entities such as LAPD "under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (quoting *Monell v. Department of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id*. at 61. But to satisfy *Monell*'s municipal-policy requirement, "a municipality's failure to

2

train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id*. (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). The standard of deliberate indifference usually requires a plaintiff to show "[a] pattern of similar constitutional violations by untrained employees." *Id*. at 62. In the absence of such a pattern, *Monell* liability on a failure-to-train theory will lie only if "the unconstitutional consequences of failing to train" were "patently obvious." *Id*. at 64.

As noted, the basis for Martinez's § 1983 claim is that LAPD failed to train its employees to take steps to ensure that an arresting agency properly compared an arrested suspect's identifying information against the identifying information contained in a warrant abstract that LAPD had sent to an outside police department. But Martinez has introduced no evidence that this purported failure to train has produced a pattern of constitutional violations. Nor has he shown that it was "patently obvious" that he or others like him would be wrongfully arrested simply because LAPD did not discuss the identifying information in the warrant abstract with the arresting agency. The warrant abstract here, by itself, gave SPD everything it needed to conclude, with sufficient certainty, that Martinez was not the Juan Martinez described in the warrant. Martinez was eight inches taller and 90 pounds heavier than the warrant subject. Moreover, the warrant abstract

3

included other information about the subject that was sufficient to distinguish him from Martinez, such as the subject's Social Security number and his unique fingerprint identifier. Given that the warrant abstract made clear that Martinez was the wrong man, it was not patently obvious that Martinez would be arrested by SPD simply because LAPD personnel did not go over the warrant information with SPD. Martinez has not shown that it is patently obvious that, unless LAPD affirmatively assists the arresting agency in evaluating the details of a warrant abstract, the agency will be so incompetent that it will not be able to make appropriate use of the amply sufficient information that LAPD has provided.[1]

Because LAPD cannot be held liable under *Monell*, we need not determine whether Martinez's underlying constitutional claim has any merit. The judgment of the district court is affirmed.

**AFFIRMED.**

---

[1] Martinez contends that LAPD's conduct contravened various California state laws and policies, but even if he is correct, violations of state law do not, without more, establish a violation of federal constitutional rights. *See Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012); *Miller v. Stagner*, 757 F.2d 988, 993 (9th Cir. 1985).